[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff has moved to reopen and clarify the pension distribution provisions of the dissolution judgment of the parties, which was entered on July 31, 1992 in Indiana and later registered in this court by the plaintiff, now a Connecticut resident. The plaintiff asks, by way of relief, that the judgment be "clarified" to state: "Wife's interest in Husband's pension shall be fifty percent (50%). For the reasons set forth herein, that relief must be and is denied.
The defendant, now a resident of California, was a Gunnery Sergeant in the United States Marine Corps at the time of his retirement in 1999, and was serving in the Marine Corps at the time of the divorce. The parties stipulated judgment provided:
 Wife's interest in Husband's pension shall be fifty percent (50%) of the benefits from the plan accrued as of the date of separation, July 27, 1992, plus any earnings, interest, or accumulations thereon.
The agreement, which appears to have been drafted by the plaintiff's attorney, was a full and final settlement of all of their rights, according to its terms, and judgment was entered accordingly. CT Page 10770
It is undisputed that the defendant did not retire from military service until 1999, seven years after the entry of the judgment. It is also undisputed that, if he had chosen to leave the military before completing twenty years of service, no pension would have been payable. The pension was not vested at the time of the decree. Accordingly, seven years of the service necessary to create the pension occurred after the marriage had ended and after the date provided in the judgment as the accrual time for the plaintiff's portion of the pension. In asking that she receive fifty percent of the pension as it exists now, the plaintiff is asking for something that was not provided in the judgment. In effect, she is seeking modification of the decree under the guise of asking for a clarification.
The court does not have subject matter jurisdiction to modify an order distributing property. Bunche v. Bunche, 180 Conn. 285, 289 (1980). A military pension is defined as property under the federal law which permits the pension to be divided. The relevant statute provides:
 Subject to the limitations of this section, a court may treat disposable retired pay payable to a member. . . . either as property solely of the member or as property of the member and his spouse . . .
10 U.S.C. § 1408 (c)(1). The statute defines "court" as a court having competent jurisdiction and a "court order" as "a final decree of divorce, dissolution, annulment, or legal separation issued by a court."10 U.S.C. § 1408 (a)(1) and (2). Even if Connecticut law permitted modification of property awards, the plaintiff could not enforce this court's modification of the initial decree because it would constitute an out of state modification. 10 U.S.C. § 1408 (d)(7).
The court has an obligation to enforce the agreement the parties made and which became the judgment of dissolution issued by the Indiana court. The correct method of accomplishing this is for the court to issue an order awarding the plaintiff a proportion of the defendant's net disposable pension which is equal to fifty percent of a fraction, the denominator of which is the total number of years of service the defendant had at the time of his retirement and the numerator of which is the number of years of service he had on the date set forth in the judgment. By way of example, if he had completed thirteen years of service at the time of the judgment and twenty years at the time of his retirement, the amount of pension due to the plaintiff would be fifty percent of 13/20 of the pension permitted to be distributed under10 U.S.C. § 1408. This formula will preserve the property distribution provisions of the judgment and is permitted under federal law. See, eg. Plaintiff's Submission Entitled Uniformed Services FormerCT Page 10771Spouses Protection Act, Paragraph 2.
The court does not have an evidential basis for determining what those numbers would be. If the parties are unable to agree, the matter will be set down for an evidentiary hearing on a date during the next two months when Gunnery Sergeant Charboneau's duties permit him to attend. He is to advise caseflow and opposing counsel of the date.
The court will entertain a motion by the defendant for permission to attend the hearing by telephone if that is required.
BY THE COURT,
GRUENDEL, J.